896 N.E.2d 547 (2008)
T.D., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A02-0712-JV-1082.
Court of Appeals of Indiana.
November 13, 2008.
*548 Elizabeth Gamboa, Franklin, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Jessica A. Meek, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION ON REHEARING
NAJAM, Judge.
T.D. has filed a petition for rehearing asking that we reconsider our holding that T.D. waived review of her claim that the State presented insufficient evidence to support her juvenile delinquency adjudication. See T.D. v. State, Cause No. 49A02-0712-JV-1082, 890 N.E.2d 118 (Ind.Ct. App. July 9, 2008) ("In re T.D. I"). Simultaneously, T.D. files her petition for leave to supplement the appendix with the dispositional order entered in Cause Number 49D09-06111-JD-4161 ("Cause Number 4161"). Because of the unique circumstances in this case, as explained below, we grant both petitions and consider T.D.'s sufficiency claim on the merits. We reverse our prior decision.
The relevant facts are as follows:
In 2006, T.D. was placed on suspended commitment to the Department of Correction after the trial court adjudicated her a delinquent child in cause numbers 49D09-0611-JD-4161 ("Cause Number 4161") and 49D09-0609-JD-3296 ("Cause Number 3296"). As a result of the delinquency adjudications, the trial court ordered T.D. to be placed at Ladoga Academy ("Academy").
On June 15, 2007, Tyra Tavert, a case manager at the Academy[,] and another Academy staff member transported T.D. to court in Indianapolis for a hearing on a violation of her suspended commitment. At the conclusion of the hearing, the trial court ordered T.D. to return to the Academy. However, after leaving court, T.D. refused to get back into the Academy van and ran toward 25th Street. Tavert and the other Academy staff member reported the incident to the probation department and then returned to the Academy. T.D.'s mother later found her and returned her to the court.
The State filed an information alleging that T.D. was a delinquent child because she had committed two counts of escape, one as a Class C felony and one as a Class D felony, if committed by an adult.

*549 The court magistrates held an initial hearing on June 18 and an evidentiary denial hearing on July 9.[] At the conclusion of the denial hearing, the court requested that the parties file briefs on the issue of whether "a secure residential facility, residential placement facility [is] lawful detention for purposes of the escape statute." Transcript at 31. The parties filed their respective briefs to the court,[] and, at a hearing on August 10, the court entered a true finding as to escape, as a Class C felony, and a not true finding as to escape, as a Class D felony.
In re T.D.I, slip op. at 2-3.
T.D. appealed the delinquency adjudication, arguing that the State had not shown that she had fled from lawful detention, as defined by Indiana Code Section 35-44-3-5(a) (2008), when she had refused to return to the Academy. Upon review of the record on appeal, we noted that the juvenile court had taken judicial notice of the proceedings in Cause Number 4161 for purposes of the denial hearing in the present case. However, T.D. had not included any pleadings, orders, transcripts, or other documents from Cause Number 4161 in the record presented for our review. Therefore, we ordered her to supplement the record with the dispositional order entered in Cause Number 4161 as well as any other documents from that case that were filed in the present case.
T.D. supplemented the appendix, but her supplement did not contain the requested order. Instead, she submitted an order from Cause Number 4161 that post-dated the dispositional order in that case. As a result, we concluded that T.D. had "failed to meet her burden of presenting a complete record with respect to the issues raised on appeal." In re T.D.I, slip op. at 6. We then held that she had waived the issue presented on appeal, and we affirmed her delinquency adjudication.
T.D. now petitions for rehearing and, simultaneously, requests leave to supplement the appendix. In her petition for leave to supplement the appendix, T.D. explains that her counsel was out of communication when we ordered her to supplement the record on appeal because of the June 2008 flooding in Johnson County, where her counsel's office is located. Due to the unavailability of counsel occasioned by the flood, the public defenders' office attempted to comply with our order by filing a supplemental appendix. But that supplemental appendix neither responded to our order nor aided our review. The flood that caused T.D.'s counsel's unavailability to respond to our order was an historic event that wreaked great havoc in Johnson County and other areas of our state. Because of those extenuating circumstances, by separate order we grant T.D.'s petition for leave to supplement the appendix with the requested order from Cause Number 4161 and, as a result, we grant her petition for rehearing.
On rehearing, T.D. again asks us to consider whether the State presented evidence to show that her placement at Ladoga Academy constituted lawful detention so as to support the finding that she had committed escape, as a Class C felony, if committed by an adult. To prove the offense of escape, as a Class C felony, the State was required to show that she intentionally fled from lawful detention. See Ind.Code § 35-44-3-5(a) (2008). "Lawful detention" is defined as follows:
(1) arrest;
(2) custody following surrender in lieu of arrest;
(3) detention in a penal facility;

*550 (4) detention in a facility for custody of persons alleged or found to be delinquent children;

(5) detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance;
(6) detention or extradition or deportation;
(7) placement in a community corrections program's residential facility;
(8) electronic monitoring;
(9) custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation; or
(10) any other detention for law enforcement purposes.
Ind.Code § 35-41-1-18(a) (2008) (emphasis added).
Indiana Code Section 31-37-19-6(b) (2008) (effective until January 1, 2009) describes the facilities in which a court may order persons alleged or found to be delinquent children to be detained. Specifically, after a child has been determined to be a delinquent child, a court may (1) award wardship to the Department of Correction ("DOC") for housing in a correctional facility for children or community based correctional facility for children, Ind.Code § 31-37-19-6(b)(2)(A), or (2) order the child to be placed in (a) a juvenile detention facility, Ind.Code § 31-37-19-6(b)(2)(B); (b) a shelter care facility, Ind. Code § 31-37-19-6(B)(2)(D), (E); or (c) a secure private facility, Ind.Code § 31-37-19-6(b)(2)(F). Thus, in order to prove that T.D. fled from lawful detention, the State was required to show that she fled from commitment to the DOC, a juvenile detention facility, a shelter care facility, or a secure private facility.
T.D. argues that the evidence does not show that she was in lawful detention when she fled from Academy personnel following her court hearing in another case. Upon review of the record on appeal, including the Second Supplemental Appendix, we must agree. T.D.'s Second Supplemental Appendix contains only a copy of the dispositional order in Cause Number 4161, which provides, in relevant part:
The Court awards Wardship to the Indiana Department of Correction for housing in any correctional facility for children. Said Commitment is suspended and [T.D.] is placed on probation, with special conditions: [T.D.] is made a temporary ward of DCS for purpose of payment only and placed at Ladoga Academy with a per diem of $215.00 effective Monday, December 4, 2006. [T.D.] is ordered to comply with the treatment plan at Ladoga Academy.... [T.D.] is to comply with Ladoga Academy and follow all recommendations.
[T.D. is] released to the custody of Ladoga Academy (Institution) and ordered to appear for next hearing without further notice.
Second Supp.App. at 2. Further, the only other evidence regarding the nature of the Academy as a placement for juveniles came from Academy counselor Tyra Tavert, who testified:
Q: You're not really a secure facility? You more or less depend on their internal (inaudible)?
A: Yeah we're a treatment facility....
Transcript at 18. Tavert also testified that she was not aware of how the Academy is licensed with the State. And the State, in its closing argument at the denial hearing, admitted that the Academy is a "non-secure facility." Transcript at 24.
*551 The State did not demonstrate what type of facility the Academy is. The dispositional order from Cause Number 4161 shows that the court suspended T.D.'s commitment to the DOC; thus, the subsequently suspended placement was not lawful detention under Indiana Code Section 31-37-19-6(b)(1)(A). And from the State's admission in closing argument that the Academy is a non-secure facility, we conclude that the Academy is not a juvenile detention facility.[1] Tavert testified that she did not know how the Academy is licensed, and the State presented no other evidence on that issue. Thus, the State did not show that the Academy is a secure private facility licensed by the State of Indiana.[2] Similarly, there is no evidence to suggest that the Academy is a shelter care facility.[3]
In sum, the record shows that T.D.'s placement at the Academy is not a commitment to the Department of Correction. And the State did not present evidence to show that the Academy is a juvenile detention facility, a secure private facility, or a shelter care facility. As a result, the State did not meet its burden of showing that the Academy is one of the facilities "for custody of persons alleged or found to be delinquent children" as required by Indiana Code Section 35-41-1-18(a)(4). Thus, we grant T.D.'s petition for rehearing and reverse the adjudication finding T.D. to be delinquent for having committed the offense of escape, as a Class C felony.[4]
Reversed.
DARDEN, J., and BROWN, J., concur.
NOTES
[1] Indiana Code Section 31-31-8-2 defines "juvenile detention facility," in part, as a "secure facility."
[2] A "secure private facility" must be licensed to operate as such. Ind.Code § 31-9-2-115(a) (2008).
[3] A shelter care facility is "not locked to prevent a child's departure unless the administrator determines that locking is necessary to protect the child's health." Ind.Code § 31-9-2-117(a).
[4] Although we have found a failure of proof in this case, we observe that the State is not without recourse. For example, the State could file a petition to revoke T.D.'s suspended commitment to the DOC based upon her failure to comply with the court's June 15, 2007, order to return to the Academy.